IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:16CR33-2 |
| v. | : | |
| KIRRIL IORDANOV JELIAZKOV | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, KIRRIL IORDANOV JELIAZKOV, in his own person and through his attorney, Maitri Klinkosum, and state as follows:

1. The defendant, KIRRIL IORDANOV JELIAZKOV, is presently under Indictment in case number 1:16CR33-2, which in Count One charges him with a violation of Title 18, United States Code, Section 1349, conspiracy to commit bank fraud; and which in Counts Two through Eleven charge him with violations of Title 18, United States Code, Section 1028A(a)(1), aggravated identity theft.

2. The defendant, KIRRIL IORDANOV JELIAZKOV, will enter a voluntary plea of guilty to Count Two of the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a. The defendant, KIRRIL IORDANOV JELIAZKOV, understands that the statutory penalty for Count Two of the Indictment provides that he shall be sentenced to imprisonment for two years; that such term of imprisonment cannot run concurrently with any other term of imprisonment; that he cannot be placed on probation or receive a suspended sentence; and that he shall not be eligible for parole. Defendant, KIRRIL IORDANOV JELIAZKOV, further understands that the maximum fine for Count Two of the Indictment herein is $250,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, KIRRIL IORDANOV JELIAZKOV, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

b. The defendant, KIRRIL IORDANOV JELIAZKOV, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than one year after imprisonment, pursuant to Title 18, United States Code, Section 3583.

c. The defendant, KIRRIL IORDANOV JELIAZKOV, understands that the Court shall order, in addition to any other penalty

authorized by law, that the defendant make restitution to any victim of the offense to which he is pleading guilty, pursuant to Title 18, United States Code, Section 3663A(a)(1). The defendant, KIRRIL IORDANOV JELIAZKOV, further agrees to pay restitution, as determined by the Court, to any victims harmed by defendant's relevant conduct, as defined by U.S.S.G. § 1B1.3, pursuant to Title 18, United States Code, Section 3663A(a)(3).

    d.    The defendant, KIRRIL IORDANOV JELIAZKOV, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

    e.    The defendant, KIRRIL IORDANOV JELIAZKOV, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his

immigration status. The defendant, KIRRIL IORDANOV JELIAZKOV, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

3. By voluntarily pleading guilty to Count Two of the Indictment herein, the defendant, KIRRIL IORDANOV JELIAZKOV, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, KIRRIL IORDANOV JELIAZKOV, is going to plead guilty to Count Two of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. Upon the acceptance by the Court of a guilty plea by the defendant, KIRRIL IORDANOV JELIAZKOV, to Count Two of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the remaining counts of the Indictment as to the defendant, KIRRIL IORDANOV JELIAZKOV. This portion of the Plea Agreement is

4

made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

   b. It is understood that if the Court determines at the time of sentencing that the defendant, KIRRIL IORDANOV JELIAZKOV, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

   c. It is further agreed by and between the United States and the defendant, KIRRIL IORDANOV JELIAZKOV, that in exchange for the government's agreement to dismiss the remaining counts of the Indictment herein, the defendant expressly waives the right to appeal the conviction or whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a), and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's

5

guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

6. The defendant, KIRRIL IORDANOV JELIAZKOV, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. It is further understood that the United States and the defendant, KIRRIL IORDANOV JELIAZKOV, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

8. The defendant, KIRRIL IORDANOV JELIAZKOV, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time

of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

9. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 2 day of May, 2016.

RIPLEY RAND  
United States Attorney

ANAND P. RAMASWAMY  
NCSB # 24991  
Assistant United States Attorney

    101 South Edgeworth Street  
    4th Floor  
    Greensboro, NC 27402

    336/333-5351

MAITRI KLINKOSUM  
Attorney for Defendant

KIRRIL IORDANOV JELIAZKOV  
Defendant